Filed 3/13/24  P. v. Brazier CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

KEVIN DEON BRAZIER,

     Defendant and Appellant.

E082354

(Super.Ct.No. SWF10002413)

OPINION

APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. (Retired Judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Kevin Deon Brazier, in pro. per.; and Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Kevin Deon Brazier appeals the Riverside County Superior Court's denial of his Penal Code section 1172.6 petition for resentencing[1] and the denial of his motion to vacate his conviction and to be granted a new trial. We will affirm.

## BACKGROUND

In 2011, a jury convicted defendant of premeditated and deliberate attempted first degree murder (§§ 664/187, subd. (a)) and making criminal threats (§ 422). It also found true that he personally used a deadly and dangerous weapon (a knife) in the commission of those crimes (§§ 12022, subd. (b)(1) & 1192.7, subd. (c)(23)). The court sentenced him to a prison term of 14 years to life for the attempted murder conviction, imposed and stayed pursuant to section 654 a mid-term sentence of four years for the criminal threats, and imposed a total of six years on account of a strike prior and the enhancement for use of a deadly weapon. Defendant appealed and we affirmed the judgment. (*People v. Brazier* (May 29, 2013, E055582) [nonpub. opn.].)

Defendant filed a section 1172.6 petition for resentencing in October 2022. The court appointed counsel for defendant and set the matter for a prima facie hearing. Counsel filed a brief setting forth arguments intended to establish a prima facie showing of defendant's entitlement to section 1172.6 resentencing relief.

---

[1] Defendant's petition was filed pursuant to section 1170.95. That provision was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering. All further statutory references are to the Penal Code.

By the time the hearing went forward in September 2023, defendant had successfully moved to relieve counsel and to proceed in pro per. Defendant had also filed a motion to strike the brief filed by his former counsel on the grounds counsel had submitted it "against the decision of the defendant," and because section 1172.6 is "irrelevant." The motion consisted of a number of documents: (i) a cover page entitled "Motion and Notice of Motion to Strike Entire Pleading"; (ii) a copy of the prima facie showing brief filed by defendant's former appointed counsel; (iii) a notice of intention to move for a new trial and resentencing; (iv) a "Petition for New Trial, P.C. 1181(6)(8), Resentencing, (P.C. 1172.1, 1172.75), and pursuant to (P.C. 1385)"; and, (v) a form petition for writ of habeas corpus.

At the hearing, defendant made clear that his new motion was intended to address both the guilt and penalty phases of his conviction and to obtain an order striking his section 1172.6 petition. The court denied the motion. As to defendant's section 1172.6 petition, the court took judicial notice of the court's record, and denied the petition on the grounds that the jury was not instructed on the theories of felony murder, natural and probable consequences, or on any other theory by which malice could be imputed to him.

Defendant timely filed a notice of appeal.

## DISCUSSION

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel requests we exercise our discretion under *People v. Delgadillo* (2022) 14 Cal.5th

3

216 to conduct an independent review of the record in appeals from denials of section 1172.6 petitions. Counsel considered the following issue: whether the trial court properly denied defendant's section 1172.6 petition.

We granted counsel's request to augment the clerk's transcript on appeal to include the jury instructions and verdict forms.

Upon receipt of the opening brief, we notified defendant that his counsel had filed a brief stating counsel had not found an arguable issue and that this court is not required to conduct an independent review of the record but may exercise its discretion to do so. We also invited defendant to file any arguments he deemed necessary.

In response to our invitation, defendant filed a supplemental brief in which he sets forth several issues that he argues individually and cumulatively call for reversal of all judgments against him and an order for a new trial or resentencing. We are not persuaded.

Defendant argues that he was denied his right to self-representation because the court failed to consider the pleading he filed and instead ruled on a pleading filed by his counsel that had been stricken. Defendant is mistaken. The court did consider defendant's motion and denied it. And, the court's decision to deny defendant's section 1172.6 petition was not bottomed on the brief filed by defendant's former counsel but rather on its review of the court's files, including the instructions given to the jury.

Defendant's other claims are related to his argument that he should be afforded a new trial so he can establish that he suffered from mental distress or some other mental

4

defect or disorder which prevented him from forming malice aforethought, so that he could not properly be convicted of premeditated and deliberate attempted first degree murder.  We note at the outset that none of the statutes defendant cites in the caption of his motion support his argument that the trial court should vacate his conviction and order a new trial or resentencing without a trial.  He did not establish that the jury's verdict was contrary to law or evidence, or that he had discovered new evidence (§ 1181, subds. (6) & (8)).  Section 1385 authorizes dismissal of an action by the People or the trial count, or the striking of enhancements by the court before or at the time of sentencing; it does not authorize a motion by a defendant.  Section 1172.1 does not authorize a defendant to petition for resentencing, and the sentencing relief afforded by section 1172.75 does not apply to defendant because his sentence did not include any enhancements imposed pursuant to subdivision (b) of section 667.5 before January 1, 2020.

Defendant argues that the trial court erred when, on June 16, 2023, it denied his request for an in camera review of the transcripts of a Marsden hearing held during his trial in which jury instructions were discussed.  Defendant also posits that his trial counsel was ineffective because he failed to procure favorable jury instructions, which defendant claims resulted in the abandonment of a promised defense.  The time for seeking appellate review of those issues has long since passed.  (Cal. Rules of Court, rule 8.308(a) [an appeal must be brought within 60 days after rendition of the judgment].)

## DISPOSITION

The orders denying defendant's motion and his section 1172.6 petition for resentencing are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____

P. J.

We concur:

McKINSTER _____

J.

CODRINGTON _____

J.